```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

_____
                                :
ROBERT ALLEN,                   :   CIVIL ACTION
                                :
          Petitioner            :
                                :
     v.                         :   NO. 06-4299
                                :
JAMES WYDNER, et al.,           :
                                :
          Respondents           :
_____:

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

### REPORT AND RECOMMENDATION

Presently before the Court is the second pro se Motion for Relief from Judgment or Order filed by the Petitioner, Robert Allen ("Petitioner"), pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] Petitioner is currently incarcerated in the State Correctional Institution in Dallas, Pennsylvania. For the reasons that follow, it is recommended that the Motion of Petitioner for Relief from Judgment be denied.

### I.   FACTS AND PROCEDURAL HISTORY.[2]

Petitioner was convicted by a jury in the Court of Common Pleas of Philadelphia County of second degree murder, robbery, kidnaping and recklessly endangering another person on

---

[1] Petitioner's "Motion Requesting For (sic) The Appointment of Counsel In Support of Fed. Rule.of.Civ.Proc. 60(b)(2)(6)" (Docket No. 16), filed on October 12, 2007, is also pending before this Court.

[2] This information is taken from Petitioner's Motion for Relief From Judgment, the Response thereto and the attachments to those pleadings.

October 19, 1994; the Petitioner was acquitted of conspiracy.[3] The Petitioner was thereafter sentenced to a term of mandatory life imprisonment on the murder conviction, and no sentence on the other convictions.

The Petitioner filed a direct appeal with the Pennsylvania Superior Court.  The Superior Court affirmed the judgment of sentence in a memorandum opinion filed December 20, 1995.  The Petitioner did not seek discretionary review by the Pennsylvania Supreme Court.

On July 8, 1996, the Petitioner sought pro se collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, et seq.  Counsel was appointed, and after reviewing the record and communicating with the Petitioner, filed a no-merit letter pursuant to Commonwealth v. Finley, 550 A.2d

---

[3]   The Pennsylvania Superior Court found the facts as follows:

> The Commonwealth presented evidence that on the evening of Sunday, February 14, 1993, Dr. Yeong Ho Yu, his wife, Hyunah, and their five-month old son, Daniel, traveled to Emmanuel Church at 48th and Spruce Streets in Philadelphia for choir practice, and that when they arrived at the church, Dr. Yu stayed in the car with the infant while his wife went into the church.  Appellant and Jamal Allen, his brother, decided to steal the car, but when Dr. Yu refused to turn over the car keys, they struggled and Jamal Allen shot Dr. Yu three times.  The brothers fled the scene in the car, dropped the baby off a short distance from the church, and fled to Cape May County, New Jersey, where that same evening they admitted to a close friend that they were carjackers.

Superior Court Opinion, December 20, 1995, p. 1-2.

213 (Pa. Super. 1988).[4]  The PCRA court dismissed the petition, and allowed appointed counsel to withdraw.

Petitioner then appealed to the Superior Court.  The Superior Court affirmed the PCRA court on July 15, 1998.  The Petitioner sought discretionary review by the Pennsylvania Supreme Court and the Supreme Court denied allocatur on December 1, 1998.

On February 25, 1999, Petitioner filed a pro se petition for Writ of Habeas Corpus seeking federal habeas review on the following claims:

    1.    The trial court erred in its jury instruction as to second degree murder;

    2.    There was insufficient evidence to support the convictions;

    3.    The trial court erred in admitting testimony of the victim's widow, which was designed to inflame the jury;

    4.    The trial court erred in admitting the statement of the non-testifying co-defendant;

    5.    Trial counsel was ineffective for failing to object to the testimony of the victim's widow and the introduction of a photograph of the victim and his family, and appellate counsel was ineffective for failing to seek

---

[4] Pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), appointed counsel in a post-conviction proceeding may be given leave to withdraw upon the submission of a "no merit" letter that details the nature and extent of his review of the case, lists each issue the petitioner wished to have reviewed, and explains his assessment that the case lacks merit.  The court must also conduct an independent review of the record and must agree with counsel that the petition is meritless before dismissing the petition.

3

>    allocatur in the direct appeal, and PCRA
>    counsel was ineffective for failing to
>    raise the issue of trial/appellate
>    counsel's ineffectiveness; and
>
> 6. Appellate counsel was ineffective for
>    failing to file an appeal of the
>    petitioner's illegal sentence.

On June 30, 1999, this Court issued a Report and Recommendation concluding that Petitioner's claims were procedurally defaulted due to his failure to raise them in a petition seeking allocatur to the Pennsylvania Supreme Court, thereby precluding federal habeas review.[5] This Court further

---

[5] We note the following analysis in our June 30, 1999 Report and Recommendation with respect to Petitioner's habeas claims that are relevant to his pending motion:

> Claims one (that the trial court erred in its
> instruction as to second degree murder), two (there
> was insufficient evidence to support his convictions),
> and four (that the trial court erred in admitting the
> statement of co-defendant Jamal Allen, who did not
> testify) were raised in his direct appeal. However,
> as noted above, the petitioner did not seek
> discretionary review in the state Supreme Court.
> Under the doctrine of Beatty v. Patton, 700 F.2d 110
> (3d Cir. 1983), the petitioner's failure to seek
> allocatur constituted procedural default that prevents
> federal habeas review.
>
> . . .
>
> As noted above, the procedural default in this case
> occurred when the petitioner failed to seek
> discretionary review in the state Supreme Court.
> "Cause for a procedural default must ordinarily turn
> on whether the prisoner can show that some objective
> factor external to the defense impeded counsel's
> efforts to comply with the state's procedural rule."
> Caswell v. Ryan, supra, citing Murray v. Carrier, 477
> U.S. 478, 488 (1986). The Third Circuit has held that
> "the same standard is also applicable to a prisoner's
> own default." Caswell v. Ryan, supra. Additionally,
> it is the burden of the petitioner to establish cause
> for the default and prejudice resulting therefrom.
> See Teague v. Lane, 109 S. Ct. 1060, 1068; Caswell v.
> Ryan, supra; Coleman v. Thompson, supra at 2565.

4

determined that Petitioner's procedural default could not be excused because Petitioner was unable to demonstrate cause for his procedural default or that the failure to consider his claims would result in a fundamental miscarriage of justice.

On September 9, 1999, the Honorable Thomas N. O'Neill approved and adopted this Court's Report and Recommendation,

---

> In the instant case, the petitioner argues that appellate counsel was ineffective for failing to file an allocatur petition. As noted above in order to show just cause for a procedural default under Murray v. Carrier, supra, the petitioner must prove that some objective factor external to the defense impeded his ability to comply with state procedural rules. Caswell v. Ryan, supra, held that attorney failure did not constitute such an external impediment. As the petitioner has failed to meet the requirements to forgive his procedural default, claims one, two and four must be denied.
>
> . . .
>
> In claim number five the petitioner presents three allegations of ineffectiveness of counsel: a) trial counsel for failing to object to the testimony of Mrs. Yu; [and] b) appellate counsel for failing to seek allocatur in his direct appeal . . . . The petitioner has never presented the ineffectiveness of trial or appellate counsel (claims a and b) to the state court for review. The petitioner has no remedy available to him in the state court, as the amended Post Conviction Relief Act, 42 Pa.C.S.A. § 9541, et seq., effective January 16, 1996 requires that all petitions for collateral relief must be filed within one year of the date the conviction becomes final. The petitioner's conviction was final in 1996, and he has already filed a PCRA action. Where a petitioner has no state court remedy available on an unexhausted claim, that claim may be deemed procedurally defaulted. Castille v. Peoples, 489 U.S. 346 (1989); Coleman v. Thompson, supra. As procedurally defaulted claims, these are subject to the cause and prejudice argument discussed above. As the petitioner has not demonstrated any acceptable cause and prejudice, the claims of ineffective trial and appellate counsel must be denied.

See Report and Recommendation dated June 30, 1999, at pp. 8-12.

5

dismissed the habeas petition, and denied Petitioner a certificate of appealability.  On October 18, 1999, Petitioner filed an application for a certificate of appealability in the United States Court of Appeals for the Third Circuit.  On August 30, 2000, the Third Circuit denied the application because the Petitioner had not made a substantial showing of the denial of a constitutional right.  The United States Supreme Court, on November 13, 2001, denied Petitioner's request for a writ of <u>certiorari</u>.

On September 21, 2006, more than seven years after the denial of his habeas petition by this Court, Petitioner filed his first Motion for Relief from Judgment or Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (hereinafter "2006 Motion"), claiming that he was improperly denied federal review of his habeas petition because of a procedural default stemming from state court.  On January 17, 2007, this Court entered a report and recommendation that Petitioner's 2006 Motion be denied as untimely and meritless.  On February 6, 2007, the Honorable Thomas N. O'Neill, Jr., adopted the report and recommendation, finding that Petitioner's 2006 Motion was clearly untimely.  On February 16, 2007, Petitioner filed an application for a certificate of appealability with the Third Circuit.  On July 17, 2007, the Third Circuit denied Petitioner's request for a certificate of appealability.

On October 12, 2007, Petitioner filed his second Motion for Relief from Judgment or Order pursuant to Rule 60(b) (hereinafter "2007 Motion"), seeking "reconsideration of his prior Rule 60(b)(6) . . . motion with newly discovered evidence". See 2007 Motion, p. 1. In this 2007 Motion, Petitioner asserts again that his counsel was ineffective in failing to seek allocatur to the Pennsylvania Supreme Court from the denial of his direct appeal by the Pennsylvania Superior Court. See 2007 Motion, p. 2. Respondents deny that Petitioner is entitled to relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Specifically, Respondents contend that Petitioner's second motion is again untimely and merely alleges legal error, not the "extraordinary circumstances" necessary for reopening this case. Thus, Respondents contend that Petitioner's 2007 Motion should be denied.

## II.   DISCUSSION.[6]

Before addressing Petitioner's second motion for relief pursuant to Rule 60(b), we must determine whether that motion is, in essence, a second or successive § 2254 habeas motion.[7] If the

---

[6]   As much of Petitioner's 2007 Motion is identical to his 2006 Motion, portions of our analysis and discussion of his 2007 Motion will be very similar to the analysis of Petitioner's 2006 Motion set forth in our January 17, 2007 Report and Recommendation.

[7]   The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, 110 Stat. 1214, limits a petitioner's ability to bring a second or successive habeas petition. 28 U.S.C. § 2244(b). Section 2244(b) provides, in relevant part, as follows:

> (1) A claim presented in a second or successive habeas

7

substance of Petitioner's motion seeks to attack collaterally the merits of the underlying judgment, then it is the functional equivalent of a habeas corpus application, and the Petitioner must first move in the Court of Appeals for an order authorizing the District Court to consider such a motion. See Gregory v. Vaughn, No. 06-4843, 2006 U.S. Dist. LEXIS 92261, at *3 (E.D. Pa. December 20, 2006)(Bartle, C.J.)(citing Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 2647, 162 L. Ed. 2d 480 (2005); Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004); 28 U.S.C. § 2244(b)(3)(A)).  As noted above, Petitioner avers that he was improperly denied federal review of his initial habeas petition as a result of procedural default.  See 2007 Motion, p. 2.

---

corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless -

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or

    (B)    (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

            (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

Because Petitioner's motion challenges the procedures used to decide his prior habeas application, his claim is properly before this Court as a Rule 60(b) motion.[8]  See Gonzalez, supra.

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence.  See Fed. R. Civ. P. 60(b).[9]  The general premise behind the rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Thompson v. Wydner, No. 05-6779, 2006 U.S. Dist. LEXIS 37176, at *3 (E.D. Pa. June 7, 2006)(DuBois, J.)(quoting Boughner v. Secretary of Health, Education and Welfare, 572 F.2d 976, 977 (3d Cir. 1978)).  The decision to grant or deny relief under Fed. R. Civ. P. 60(b) lies in the "sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances."  Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981).  However, a motion under Rule 60(b)(2) or Rule 60

---

[8]   Respondents have agreed that Petitioner's "brief is rightly characterized as a Rule 60(b) motion, as opposed to a successive habeas petition."  See Response, p. 3, n. 1.

[9]   Rule 60(b) provides that on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).

(b)(6) should only be granted where extraordinary circumstances justify such relief.  Urban Outfitters, Inc., et al, v. BCBG Max Azria Group, Inc., et al, No. 06-4003, 2008 U.S. Dist. LEXIS 7000, at * 30 (E.D. Pa. Jan. 31, 2008) (Baylson, J.), citing Plisco v. Union Railroad Co., 379 F.2d 15 (3d Cir. 1967) (regarding F. R. Civ. P. 60(b)(2)), and Sawka v. Healtheast, 989 F.2d 138, 140 (3d Cir. 1993)(regarding F. R. Civ. P. 60(b)(6)).

In his 2007 Motion, Petitioner first states that his claim is brought under the catchall provision of Rule 60(b)(6).  See 2007 Motion, p.1.  Petitioner then requests reconsideration of his prior Rule 60(b) motion with "newly discovered evidence" pursuant to Rule 60(b)(2).  Id.  Therefore, we will analyze Petitioner's claim under both Rule 60(b)(2) and Rule 60(b)(6), in the order in which said claims were presented by Petitioner in his motion.

**1.  Analysis of Petitioner's Rule 60(b)(6) Claim**

Rule 60(b)(6) of the Federal Rules of Civil Procedure states that a party may be relieved from a final judgment or order based upon "any other reason justifying relief from the operation of judgment."  Fed. R. Civ. P. 60(b)(6).  Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."  Thompson, 2006 U.S. Dist. LEXIS 37176, at *5 (quoting Klapport v. United States, 335 U.S. 601, 614-615, 69 S. Ct. 384, 93 L. Ed. 266

(1949) and Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (describing Rule 60(b)(6) as a "catch-all")). This motion must be made within a "reasonable time" after the judgment, order, or proceeding was entered.  Fed. R. Civ. P. 60(c)(1).

We note further that relief under Fed. R. Civ. P. 60(b)(6) (as well as under Fed. R. Civ. P. 60(b)(2)) is available only in cases evidencing extraordinary circumstances.  Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999).  Although some courts have recognized that, under Rule 60(b)(6), "in the exceptional case...an action may be reinstated on account of an intervening change in the law, intervening developments in the law themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)."  Harper v. Vaughn, 272 F. Supp. 2d 527, 532 (E.D. Pa. 2003).

Initially, we consider the timeliness of Petitioner's motion.  As discussed above, motions pursuant to Rule 60(b) must be filed "within a reasonable time."  Fed. R. Civ. P. 60(c)(1). In this case, Petitioner filed his 2007 Motion almost thirteen years after his conviction by a jury, more than eight years after the denial of his habeas corpus motion by this Court, and almost six years after the United States Supreme Court denied his

request for a writ of certiorari.[10]

In the case of United States v. Bohn, No. 92-61-02, 1999 U.S. Dist. LEXIS 18522, at *31 (E.D. Pa. November 9, 1999)(Van Antwerpen, J.), the Court determined that a Rule 60(b)(6) motion filed approximately one year and seven months after the denial of permission to file a successive habeas petition was not filed within a reasonable amount of time. More specifically, Judge Van Antwerpen, who is now with the Third Circuit Court of Appeals, noted that

> [Rule 60(b)] also has a limitations of actions provision:
>
>> The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.
>
> Fed. R. Civ. P. 60(b). We believe that the relevant 'judgment, order, or proceeding' would be the judgment of conviction and sentence related thereto (such sentence imposed on September 30, 1992), which, having occurred over seven years ago, is clearly beyond the statutory period. Yet even were we to apply the date on which Petitioner's second § 2255 motion was rejected by Order of the Court of Appeals on February 3, 1998, Mr. Bohn's Motion would come too late, as more than one year has passed since such order was taken (recalling that Rule 60(b)(2) appears to be the most likely candidate).
>
> Further, we find that Petitioner has not filed his Motion within a reasonable amount of time. As the limitations provision in the rule uses the word 'and',

---

[10] As pointed out by Respondents, Petitioner seeks to reopen his case on the ground that this Court erroneously dismissed his habeas case on procedural default grounds, an error that Petitioner should have been aware of when this court's report and recommendation was filed in 1999.

12

> rather than 'or', at the start of the second clause above ('within a reasonable time, and for reasons (1), (2), and (3) . . .'), we find that Petitioner's failure to satisfy either the reasonable time requirement or the one year requirement, by itself, would be dispositive.  We also note that 'section (6) may not be used as a catchall to avoid the one-year limitation.'

United States v. Bohn, 1999 U.S. Dist. LEXIS 18522, at *31-32 (citation omitted).  See also Moolenaar v. Government of the Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987)(stating that a Rule 60(b)(6) motion filed nearly two years after the district court's judgment was not made within a reasonable time).  Given the case law of this jurisdiction, therefore, Petitioner's 2007 Rule 60(b)(6) motion is clearly untimely, as it was filed well beyond what courts in this jurisdiction have found to be a "reasonable time."

      Moreover, even if Petitioner's motion were deemed timely, we conclude that he would not be entitled to relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure.  As stated above, in order to succeed under Rule 60(b)(6), the United States Supreme Court has explained that a petitioner must show "extraordinary circumstances."  See Gregory, 2006 U.S. Dist. LEXIS 92261, at *6 (citing Gonzalez, 545 U.S. 524, 125 S. Ct. at 2649; Ackerman v. United States, 340 U.S. 193, 199 (1950); Pridgen, 380 F.3d at 728).  The Third Circuit has made it clear that allegations of legal error do not warrant Rule 60(b)(6) relief.  "[L]egal error does not by itself warrant the

13

application of Rule 60(b). . . . . Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)." Pridgen, 380 F.3d at 728 (quoting Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 912 (3d Cir. 1977)).

We further conclude that Petitioner's argument is without merit. As noted above, Petitioner claims that he was improperly denied federal review of his first habeas petition because of a procedural default stemming from state court. See 2007 Motion, p. 2. Petitioner asserts that the procedural default occurred when his trial/direct appeal counsel failed to seek allocatur from the denial of his direct appeal by the Pennsylvania Superior Court. See 2007 Motion, pp. 3-4. Petitioner faults this Court for dismissing his habeas petition after concluding that he had not established the requisite "cause", which he asserts was his attorney's ineffectiveness, for the procedural default. See 2007 Motion, p. 5.

Respondent contends that under the circumstances of Petitioner's case, there was no Sixth Amendment violation because Petitioner had no federal constitutional right to counsel on discretionary review. See Response, pp. 4-5. Based on our review of the applicable case law, we agree with Respondent.[11]

---

[11] This Court has thoroughly reviewed Petitioner's argument, and cases in support thereof, in his motion. We note, however, that Petitioner has not provided this Court with any evidence that he specifically requested counsel to seek allocatur on his behalf. In addition, it does not appear from

See Coleman v. Thompson, 501 U.S. 722, 756-757 (1991)(stating that because petitioner had no constitutional right to counsel on appeal from the state habeas trial court judgment, any attorney error that led to the default of his claims in state court could not constitute cause to excuse the default in federal habeas); Ross v. Moffitt, 417 U.S. 600, 616 (1974)(stating that there is no right to counsel in state discretionary appeals where defendants already had one appeal as of right); Pennsylvania v. Finley, 481 U.S. 551, 556 (1987)(stating that there is no right to counsel in state collateral proceedings after exhaustion of direct appellate review).

### 2. Analysis of Petitioner's Rule 60(b)(2) Claim

Rule 60(b)(2) of the Federal Rules of Civil Procedure provides that a party may be relieved from a final judgment or order based upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Further, Rule 60(c)(1) states: "A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2) [newly discovered evidence], and (3) no more than a year after the entry of the judgment or order or the date of proceeding." Fed. R. Civ. P. 60(c)(1). This one year limitation is mandatory and

---

the records provided that Petitioner ever sought to reinstate his appellate rights nunc pro tunc despite his assertion otherwise.

cannot be enlarged by the court.  <u>Catasauqua Area School Dist. v. Eagle-Picher Industries, Inc., et al</u>, 118 F.R.D. 566, 569 (E.D. Pa. 1988) (citing <u>Hancock Industries v. Schaeffer</u>, 811 F.2d 225, 239 (3d Cir. 1987)).

Petitioner's 2007 Motion is identical to his 2006 Motion, with the addition of an argument that the case of <u>Commonwealth v. Bennett</u>, 930 A.2d 1264 (Pa. 2007), is "newly discovered evidence" so as to fall under Rule 60(b)(2).[12]

Under 60(b)(2), newly discovered evidence (1) must be material, not merely cumulative; (2) could not have been discovered before trial through the exercise of reasonable diligence, and (3) would probably have changed the outcome of the trial.  <u>Urban Outfitters, Inc.</u>, <u>supra</u>, <u>citing</u> <u>Bohus v. Behoff</u>, 950 F.2d 919, 930 (3d Cir. 1991).  Newly discovered evidence refers to evidence of fact in existence at the time of the trial of which the aggrieved party was excusably ignorant.  <u>United States v. 27.93 Acres of Land</u>, 924 F.2d 506, 516 (3d Cir. 1991). Petitioner's claim that the recently-decided case of <u>Commonwealth</u>

---

[12] In <u>Commonwealth v. Bennett</u>, the petitioner's PCRA counsel failed to file a brief with the Pennsylvania Superior Court, resulting in the dismissal of Petitioner's PCRA appeal.  <u>Id.</u> at 1266.  The Pennsylvania Supreme Court held that the petitioner had made sufficient allegations that his counsel abandoned him by failing to file an appellate brief to invoke an exception to the one-year time limitation in the PCRA.  <u>Id.</u> at 1274. Therefore, the Court held that the petitioner should be permitted to seek the appellate review to which he was entitled.  <u>Id.</u>
   Petitioner argues that this case is applicable to his situation, because his counsel did not notify him that the Pennsylvania Superior Court denied his appeal, and failed to file a petition for <u>allocatur</u> to the Pennsylvania Supreme Court.  <u>See</u> 2007 Motion, pp. 6-7.

v. Bennett is "newly discovered evidence" under Rule 60(b)(2) must fail based upon this standard.

First, Petitioner's argument must fail because there is no way that the existence of Commonwealth v. Bennett could change the outcome of Petitioner's previously-dismissed habeas petition. Bennett dealt with a statutory exception to the state PCRA limitations period and discussed whether a PCRA attorney's failure to file an appellate brief on behalf of a defendant could meet an exception to the limitations requirement. Bennett does not in any way alter what Petitioner must prove in a habeas proceeding in order to excuse his procedural default (the cause and prejudice standard) so that Petitioner's habeas petition could proceed.

Further, the term newly discovered evidence as used in Rule 60(b)(2) applies to "evidence of fact." See U.S. v. 27.93 Acres of Land, 924 F.2d at 516. A new case cannot be factual evidence as contemplated by Rule 60(b)(2). As the case cited by Petitioner is not evidence, it cannot fall under the newly discovered evidence exception to Rule 60(b)(2).

However, even assuming arguendo that a recently-decided case could be considered "newly discovered evidence" so as to fall under Rule 60(b)(2), Petitioner's argument still must fail. As set forth above, Rule 60(c)(1) requires a Motion for Relief from Judgment or Order based upon newly discovered evidence under

17

Rule 60(b)(2) to be filed within a reasonable time and "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). Petitioner's 2007 Motion, which was filed more than eight years after the denial of Petitioner's habeas petition by this court and more than six years after the United States Supreme Court denied his request for a writ of <u>certorari</u>, is untimely under Rule 60(b)(2). Lastly, as analyzed in the preceding section, Petitioner cannot prove the "extraordinary circumstances" that must be met in order to succeed on a Rule 60(b)(2) motion. Therefore, Petitioner's 2007 Motion must be denied.[13]

       For all of the foregoing reasons, I make the following:

---

[13] Petitioner's pending Motion for Appointment of Counsel will be denied pursuant to a separate order. As we recommend denying Petitioner's Motion for Relief from Judgment or Order due to its untimeliness, Petitioner is not entitled to appointment of counsel in this matter.

**RECOMMENDATION**

AND NOW, this 16th day of May, 2008, IT IS RESPECTFULLY RECOMMENDED that the instant Motion for Relief from Judgment or Order be DENIED.  There is no probable cause to issue a certificate of appealability.

The petitioner may file objections to this Report and Recommendation.  <u>See</u> Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                BY THE COURT:


                                 /s/ Arnold C. Rapoport
                                ARNOLD C. RAPOPORT
                                UNITED STATES MAGISTRATE JUDGE